UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                   :
LUIS J. ROSARIO-SANTIAGO,                          :
                                                   :
                      Petitioner,    :    21 Civ. 3202 (JPC) (RWL)
                                                   :
        -v-                                    :    ORDER ADOPTING
                                                   :    REPORT AND
MR. W. S. PLILER, *Warden*,                        :    RECOMMENDATION
                                                   :
                      Respondent.    :
                                                   :
-------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

      Petitioner Luis J. Rosario-Santiago, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 9, 2021. Dkt. 1 ("Petition"). Petitioner challenges the revocation of twenty-seven days of Good Conduct Time as a penalty for a disciplinary offense related to his violation of telephone monitoring procedures. Petitioner argues that the revocation of his accumulated Good Conduct Time violated his due process rights.

      Respondent filed an opposition on August 31, 2021, Dkt. 8, and petitioner replied on September 27, 2021, Dkt. 11. The Petition was referred to the Honorable Robert W. Lehrburger on November 29, 2021. Dkt. 13. Respondent then filed a supplemental brief on March 4, 2022, Dkt. 15, and Petitioner replied on April 21, 2022, Dkt. 23.

      By Order dated July 7, 2022, Judge Lehrburger issued a Report and Recommendation, recommending that the Petition be denied. Dkt. 20 ("R&R"). Judge Lehrburger explained that the present record did not allow him to determine whether Petitioner failed to exhaust his

administrative remedies.  *Id.* at 10-11.  He then concluded that it was not necessary to resolve that issue because the Bureau of Prisons did not violate Petitioner's due process rights.  *Id.* at 12-15.[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the Court reviews the Report and Recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  R&R at 15.  No objections have been filed and the time for making any objections has passed.  The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604-05 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded.  Accordingly, the Court adopts the Report and Recommendation in its entirety and Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

---

[1] It is not necessary to address the exhaustion issue in this case because "the [Prison Litigation Reform Act] exhaustion requirement is not jurisdictional." *Woodford v. Ngo*, 548 U.S. 81, 101 (2006).  Courts therefore may "dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies."  *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close this action, to enter judgment, and to mail a copy of this Order to the *pro se* Petitioner.

SO ORDERED.

Dated: July 28, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge